IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV338-03-MU
(3:03CR148-3-MU)

| | |
|---|---|
| VICKY ALLAINE JONES-COON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondents. ) | |
| ) | |

**THIS MATTER** comes before the Court for an initial review of Petitioner's "Memorandum of Petitioner for Rule 35(b0 Reduction of Sentence Pursuant to 28 U.S.C. §2255" (Document No. 1) filed August 4, 2006. Although the Clerk docketed Petitioner's Motion as a Motion to Vacate, it was improper to do so as the relief sought is a sentence reduction pursuant to a Rule 35(b) motion. Therefore the Clerk is directed to close this case and re-docket this motion in the criminal case (3:03cr148) as Rule 35 Motion.

A review of the record reveals that Petitioner was Indicted by the grand jury on a variety of drug and weapons charges. On March 8, 2004 Petitioner pled guilty to count three of the Indictment in which she was charged with possession of a firearm during and in relation to a crime of violence or a drug trafficking crime pursuant to 18 U.S.C. § 924(c)(1). On October 28, 2004 this Court sentenced Petitioner to 150 months imprisonment followed by three years supervised release.[1]

---

[1] At the sentencing hearing this Court considered and granted the Government's Motion for a downward departure pursuant to 5K1.1 & 18 U.S.C. § 3553.

1

Federal Rule of Criminal Procedure 35(b) allows the Court to reduce a defendant's sentence if a defendant provides substantial assistance to the Government. However, a Rule 35(b) motion must be made by the Government. The Government, not a defendant or the Court, makes the initial determination as to whether a defendant has provided substantial assistance. Therefore, only the Government can initiate a sentence reduction based on any assistance.

Upon careful consideration of the foregoing documents and the controlling legal precedent, the Court concludes that the Petitioner's Memorandum in Support of Petition for Rule 35(b) Reduction of Sentence Pursuant to 28 U.S.C. § 2255" was improperly docketed as a Motion to Vacate pursuant to 28 U.S.C. § 2255. The Court directs the Clerk to close case 3:06cv338 and re-docket the instant motion as a Motion pursuant to Rule 35(b) in criminal case 3:03cr148-3. Further the Rule 35 Motion is Denied because only the Government can initiate a Rule 35 Motion.

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1) The Clerk shall close case 3:06cv338 as Petitioner's "Memorandum in Support of Petitioner for Rule 35(b) Reduction of Sentence Pursuant to 28 U.S.C. § 2255" was improperly docketed as a Motion to Vacate;

2) The Clerk shall re-docket Petitioner's motion as a Rule 35 Motion in criminal case 3:03cr148-3;

3) Petitioner's Rule 35 Motion is DENIED as only the Government can initiate a Rule 35 motion.

4) The Clerk shall send a copy of this Order to Gretchen Shappert, United States Attorney and to Petitioner.

**SO ORDERED**.

Graham C. Mullen
United States District Judge

Signed: August 14, 2006